People v Field (2023 NY Slip Op 01146)

People v Field

2023 NY Slip Op 01146

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

SCID No. 99017/20 Appeal No. 17443 Case No. 2022-00992 

[*1]The People of the State of New York, Respondent,
v
Adam Field, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nancy E. Little of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 3, 2022, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
In this case where the underlying offense involved child pornography, the court correctly assessed points under the risk factors for multiple victims and being a stranger to the victims, resulting in a level two adjudication. We find defendant's constitutional argument unavailing.
In People v Gillotti (23 NY3d 841 [2014]), the Court of Appeals held, among other things, that such assessments are not improper for persons convicted of possessing child pornography, and that the position statement issued by the Board of Examiners of Sex Offenders "does not bar the assignment of points under factors 3 and 7 in child pornography cases" (23 NY3d at 845). While acknowledging that such assessments "may sometimes result in an excessive risk calculation in a manner not contemplated by the guidelines or the statute" (id.), the Court held that any such anomalous results should be addressed in the departure process. The Court also held that "an offender must prove the facts supporting a downward departure by a preponderance of the evidence" (id.).
Defendant argues that in the unusual situation of child pornography cases, the allocation of this burden to him reverses the proper burden of persuasion and thereby violates his due process rights. Defendant offers no authority for this argument, and it is inconsistent with the rationale of Gillotti. The initial burden of proving the facts supporting each point assessment by clear and convincing evidence rests with the People. Moreover, the Gillotti court recognized that this high burden is "not otherwise mandated by constitutional due process" and was imposed by the legislature "to carefully guard a defendant's liberty interest" (id. at 864). Here, defendant does not dispute the facts that there were multiple victims who were strangers to him, but disputes whether these facts suggest a risk of reoffense in his situation.
The concomitant burden on a defendant to "prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" does not dilute the People's primary heightened burden and is "consistent with" the "legislative intent" to protect the defendant's liberty interest (id.). Defendant fails to demonstrate that allocation of this modest burden to him in the particular situation presented implicates his due process rights. Although the Gillotti court did not address the precise constitutional issue raised here, its reasoning is incompatible with the notion that assessing points under the risk factors at issue in a child pornography case is so arbitrary that the normal process should not apply (id. at 857).
The court properly exercised its discretion when it declined to grant [*2]a downward departure. The child pornography that defendant collected and traded with other offenders was uniquely abhorrent and violent, warranting a reasonable inference of a heightened risk of reoffense. The mitigating factors defendant cites were adequately accounted for by the risk assessment instrument or outweighed by the egregiousness of defendant's conduct. The record also supports the court's alternative finding that regardless of whether defendant's presumptive risk level is one or two, an upward departure to level two is warranted. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023